JOHN SHARPE *v.* SALLIE A. MATTHEWS.

[Abstract Kentucky Law Reporter, Vol. 4—827.]

**Easements.**
> Where one purchases real estate and takes possession of the same without any notice or knowledge that a third person had been granted the right to use a well on the premises by the owner's grantor, the owner can not be ousted from the possession of such well and notice must be alleged and proved before his rights can be affected.

### APPEAL FROM BATH CIRCUIT COURT.

March 24, 1883.

OPINION BY JUDGE PRYOR:

The original petition fails to allege any mistake in the execution of the commissioner's deed or to state that a division of the lot had been made by the parties. In the reply by the appellant he admits the division and says that he was to have a well upon the part allotted Moore, but it was left out of the deed made by the commissioner by mistake. Moore was in possession under a deed that called for the correct boundary and while in possession sold to Berry and Berry entered. Berry under such circumstances is the party to be charged with having notice of the agreement between Moore and Sharpe and unless he is there is no cause of action. The proceeding is to oust him of possession of a part of the premises, and notice must be alleged and proved before his rights can be affected. The use of the well on the ground within Berry's boundary was not notice of appellant's right to the well as owner, and the court very properly dismissed the petition.

Judgment *affirmed.*

*H. L. Stone, R. Gudgell & Son, for appellant.*